IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BAZAARVOICE, INC., and POWERREVIEWS, LLC,<br><br>  Plaintiffs<br><br>vs.<br><br>BSG TECH LLC,<br><br>  Defendant. | CIVIL ACTION NO. 14-673<br><br>JURY DEMANDED<br><br>PATENT CASE |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Bazaarvoice, Inc. ("Bazaarvoice") and PowerReviews, LLC ("PowerReviews") (hereinafter collectively, "Plaintiffs") file this Complaint for Declaratory Judgment against BSG Tech LLC ("BSG"), and would respectfully show the Court as follows:

**NATURE OF THE CASE**

1. On information and belief, BSG is a non-practicing patent assertion entity (i.e., a patent "troll").  It was formed as a Texas limited liability company on March 20, 2014.  Shortly thereafter, on or around April 30, 2014, BSG acquired by assignment U.S. Patent Nos. 6,035,294 ("the '294 Patent"), 6,195,652 ("the '652 Patent"), and 6,243,699 ("the '699 Patent") (collectively, the "Patents-In-Suit"). The purported inventor on each of those patents, Robert D. Fish, is a patent attorney at Fish & Tsang in Irvine, California.  Neither BSG nor Mr. Fish appear to have ever created, developed, marketed, pursued, or sold any products related to the Patents-in-Suit.

2. In May 2014, BSG began to wrongly accuse Plaintiffs' customers of infringing the Patents-in-Suit by filing lawsuits against certain customers in the Eastern District of Texas.  In each of those lawsuits, BSG alleged that Plaintiffs' customers infringed the Patents-in-Suit based on the "reviews functionality" and/or "question-and-answer functionality" of the customers'

websites. Plaintiffs provide the "reviews functionality" and/or "question-and-answer functionality" for the customers' websites by directly providing that software as a service ("SaaS") offering. BSG's litigation campaign against Plaintiffs' customers has placed a cloud of uncertainty over Plaintiffs' "reviews" and "question-and-answer" SaaS technology; threatened Plaintiffs' business and relationships with its customers; and created a justiciable controversy between Plaintiffs and BSG. Accordingly, Plaintiffs seek a declaration from this Court that the Patents-in-Suit are invalid and not infringed by Plaintiffs or by Plaintiffs' customers.

## PARTIES

3. Plaintiff Bazaarvoice, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3900 N. Capital of Texas Hwy., Ste. 300, Austin, TX 78746.

4. Plaintiff PowerReviews, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with its headquarters located at 440 North Wells, Suite 720, Chicago IL 60654. From June 2012 to June 2014, PowerReviews was a wholly-owned subsidiary of Bazaarvoice.

5. On information and belief Defendant BSG Tech LLC, is a Texas limited liability company with its principal place of business at 555 Republic Drive, Suite 274, Plano, TX 75074.

## JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has original subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, in that this matter is a civil action arising under the patent laws of the United States and seeks relief under the Federal Declaratory Judgment Act.

7. Plaintiffs brings this suit based on an actual, substantial, and continuing justiciable controversy existing between Plaintiffs and BSG relating to the Patents-in-Suit, as set forth below, that requires a declaration of rights by this Court.

8. BSG is subject to personal jurisdiction in Texas based on BSG's patent enforcement activity in the state, and BSG's judicial activity, as set forth in detail below.

9. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Western District of Texas. For example, Bazaarvoice is headquartered in Austin, Texas, and all or substantially all of its documents and witnesses with knowledge about the "reviews functionality" and/or "question-and-answer functionality" provided by its SaaS offerings are located in the Austin, Texas metropolitan area. In addition, from June 2012 to June 2014, PowerReviews was a wholly-owned subsidiary of Bazaarvoice.

## FACTUAL BACKGROUND

### The Patents-in-Suit

10. On March 7, 2000, U. S. Patent No. 6,035,294 ("the '294 Patent"), entitled "Wide Access Databases and Database Systems" issued. A true and correct copy of the '294 Patent is attached to this Complaint as **Exhibit A**.

11. On February 27, 2001, U.S. Patent No. 6,195,652 ("the '652 Patent"), entitled "Self-evolving Database and Method of Using Same" issued. A true and correct copy of the '652 Patent is attached to this Complaint as **Exhibit B**.

12. On June 5, 2001, U.S. Patent No. 6,243,699 ("the '699 Patent"), entitled "Systems and Methods of Indexing and Retrieving Data" issued. A true and correct copy of the '699 Patent is attached to this Complaint as **Exhibit C.**

13. BSG asserts that it is the assignee of all right, title and interest in the Patents-in-Suit, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, BSG asserts that it possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit.

## BSG's Infringement Allegations Against Plaintiffs' Customers

14. On May 7, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00592) asserting infringement of the Patents-in-Suit against PowerReviews customer Beaucoup Wedding Favors, Inc. In paragraphs 12, 17, and 22 of BSG's Complaint against Beaucoup Wedding Favors, Inc., BSG contends that Beaucoup Wedding Favors, Inc. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.beau-coup.com/. PowerReviews provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Beaucoup Wedding Favors, Inc. has requested indemnification from PowerReviews.

15. On May 7, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00593) asserting infringement of the Patents-in-Suit against PowerReviews customer Eastern Mountain Sports, Inc. In paragraphs 12, 17, and 22 of BSG's Complaint against Eastern Mountain Sports, Inc., BSG contends that Eastern Mountain Sports, Inc. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.ems.com/. PowerReviews provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Eastern Mountain Sports, Inc. has requested indemnification from PowerReviews.

16. On May 7, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00596) asserting infringement of the Patents-in-Suit against Bazaarvoice customer Christianbook.com, LLC. In paragraphs 12, 17, and 22 of BSG's Complaint against Christianbook.com, LLC, BSG contends that Christianbook.com, LLC. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.christianbook.com/. Bazaarvoice provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Christianbook.com, LLC has requested indemnification from Bazaarvoice.

17. On May 7, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00597) asserting infringement of the Patents-in-Suit against Bazaarvoice customer Coffee Serv Inc. In paragraphs 12, 17, and 22 of BSG's Complaint against Coffee Serv Inc., BSG contends that Coffee Serv Inc. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.coffeeforless.com/. Bazaarvoice provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Coffee Serv Inc. has requested indemnification from Bazaarvoice. On June 25, 2014, BSG provided Coffee Serv Inc.'s counsel with claim charts under Federal Rule of Evidence 408 and subject to confidentiality restrictions that prohibited Coffee Serv Inc. and its counsel from sharing those claim charts with third parties, including Bazaarvoice. Accordingly, Plaintiffs have not reviewed the claim charts and are not aware of the content of the claim charts.

18. On May 9, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00607) asserting infringement of the Patents-in-Suit against PowerReviews customer Costume Craze, LLC. In paragraphs 12, 17, and 22 of BSG's Complaint against Costume Craze, LLC,

BSG contends that Costume Craze, LLC infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.costumecraze.com/. PowerReviews provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Costume Craze, LLC has requested indemnification from PowerReviews. On June 25, 2014, BSG provided Costume Craze, LLC's counsel with claim charts under Federal Rule of Evidence 408 and subject to confidentiality restrictions that prohibited Costume Craze, LLC and its counsel from sharing those claim charts with third parties, including PowerReviews. Accordingly, Plaintiffs have not reviewed the claim charts and are not aware of the content of the claim charts.

19.   On May 9, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00608) asserting infringement of the Patents-in-Suit against PowerReviews customer Kenneth Cole Productions, Inc. In paragraphs 12, 17, and 22 of BSG's Complaint against Kenneth Cole Productions, Inc., BSG contends that Kenneth Cole Productions, Inc. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.kennethcole.com/. PowerReviews provides or has provided the "reviews functionality" and "question-and-answer functionality" of that website. As a result, Kenneth Cole Productions, Inc., Inc. has requested indemnification from PowerReviews.

20.   On May 12, 2014, BSG filed a lawsuit in the Eastern District of Texas (see 2:14-cv-00614) asserting infringement of the Patents-in-Suit against Bazaarvoice customer J.A. Cosmetics, Corp. In paragraphs 12, 17, and 22 of BSG's Complaint against J.A. Cosmetics, Corp., BSG contends that J.A. Cosmetics, Corp. infringes the Patents-in-Suit based on the "reviews functionality" and "question-and-answer functionality" of the website at http://www.eyeslipsface.com/. Bazaarvoice provides or has provided the "reviews functionality"

and "question-and-answer functionality" of that website. As a result, J.A. Cosmetics, Corp. has requested indemnification from Bazaarvoice.

21. The defendants identified in Paragraphs 14 through 20 are collectively referred to herein as the "Customer Defendants."

### Justiciable Controversy

22. Plaintiffs have not reviewed the confidential claim charts provided to Coffee Serv, Inc. or Costume Craze, LLC. However, each of BSG's complaints against the Customer Defendants allege infringement of the Patents-in-Suit based on the SaaS offering provided to the Customer Defendants by Plaintiffs, as described above. Subject to the terms of Plaintiffs' agreements with each of the Customer Defendants, Plaintiffs owe indemnification obligations for patent infringement claims that are based on the SaaS offering provided by Plaintiffs. Each of the Customer Defendants has requested indemnification by Bazaarvoice or PowerReviews for BSG's patent infringement claims pursuant to those indemnification obligations.

23. In addition to the Customer Defendants, Plaintiffs provide "reviews functionality" and/or "question-and-answer functionality" as a SaaS offering to many other customers. The underlying "reviews" and/or "question-and-answer" SaaS technology that Plaintiffs provide to these other customers is identical to the underlying "reviews" and/or "question-and-answer" SaaS technology that is provided to the Customer Defendants, varying only to the extent that each customer maintains its own website through which the SaaS offering is made available to customers' end users. Thus, BSG's infringement accusations against the Customer Defendants based on "reviews functionality" and/or "question-and-answer functionality" have created a cloud of uncertainty with respect to the SaaS offering that Plaintiffs provide to these other customers. As with the Customer Defendants, Plaintiffs owe indemnification obligations to many of these

7

other customers for patent infringement claims that are based on the SaaS offering provided by Plaintiffs.

24. Plaintiffs make, use, offer for sale, and sell the "reviews" and/or "question-and-answer" SaaS offering that is accused of infringement in BSG's lawsuits against the Customer Defendants. Thus, BSG's infringement accusations against the Customer Defendants based on "reviews functionality" and/or "question-and-answer functionality" have created a cloud of uncertainty with respect to the SaaS offering that Plaintiffs make, use, offer for sale, and sell. That cloud of uncertainty grows with every sale and offer for sale of Plaintiffs' SaaS offering.

25. Plaintiffs and/or Plaintiffs' customers do not infringe, directly or indirectly, or contribute to or induce the infringement of any valid claims of the Patents-in-Suit, or the Patents-in-Suit are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. *et seq.* Accordingly, for all of the foregoing reasons, an actual and justiciable controversy exists between BSG and Plaintiffs as to the infringement and validity of the Patents-in-Suit.

## CAUSES OF ACTION

### A. Declaratory Judgment - Non-infringement of the '294 Patent

26. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

27. BSG has alleged that Bazaarvoice's customers infringe the '294 Patent. Bazaarvoice denies BSG's allegations of infringement. Bazaarvoice and its customers do not infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '294 Patent.

28. BSG has alleged that PowerReviews's customers infringe the '294 Patent. PowerReviews denies BSG's allegations of infringement. PowerReviews and its customers do not

infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '294 Patent.

29. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the infringement of the '294 Patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that Plaintiffs and their customers do not infringe or contribute to or induce the infringement of (directly or indirectly, literally, or under the doctrine of equivalents), any valid and enforceable claim of the '294 Patent.

**B. Declaratory Judgment - Non-infringement of the '652 Patent**

31. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

32. BSG has alleged that Bazaarvoice's customers infringe the '652 Patent. Bazaarvoice denies BSG's allegations of infringement. Bazaarvoice and its customers do not infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '652 Patent.

33. BSG has alleged that PowerReviews's customers infringe the '652 Patent. PowerReviews denies BSG's allegations of infringement. PowerReviews and its customers do not infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '652 Patent.

34. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the infringement of the '652 Patent.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that Plaintiffs and their customers do not infringe or contribute to

or induce the infringement of (directly or indirectly, literally, or under the doctrine of equivalents), any valid and enforceable claim of the '652 Patent.

### C. Declaratory Judgment - Non-infringement of the '699 Patent

36. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

37. BSG has alleged that Bazaarvoice's customers infringe the '699 Patent. Bazaarvoice denies BSG's allegations of infringement. Bazaarvoice and its customers do not infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '699 Patent.

38. BSG has alleged that PowerReviews's customers infringe the '699 Patent. PowerReviews denies BSG's allegations of infringement. PowerReviews and its customers do not infringe, directly or indirectly, or contribute to or induce the infringement, of any valid claims of the '699 Patent.

39. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the infringement of the '699 Patent.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that Plaintiffs and their customers do not infringe or contribute to or induce the infringement of (directly or indirectly, literally, or under the doctrine of equivalents), any valid and enforceable claim of the '699 Patent.

### D. Declaratory Judgment - Invalidity of the '294 Patent

41. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

42. BSG has alleged that Plaintiffs' customers infringe the '294 Patent.

43. The claims of the '294 Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

44. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the validity of the claims of the '294 Patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that the claims of the '294 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### E.   Declaratory Judgment - Invalidity of the '652 Patent

46. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

47. BSG has alleged that Plaintiffs' customers infringe the '652 Patent.

48. The claims of the '652 Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

49. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the validity of the claims of the '652 Patent.

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that the claims of the '652 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### F.   Declaratory Judgment - Invalidity of the '699 Patent

51. Plaintiffs incorporate by reference the allegations in each of the foregoing paragraphs.

52. BSG has alleged that Plaintiffs' customers infringe the '699 Patent.

53. The claims of the '699 Patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

54. Accordingly, there exists an actual and justiciable controversy between Plaintiffs and BSG as to the validity of the claims of the '699 Patent.

55. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs requests a declaration that the claims of the '699 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## REQUEST FOR A JURY TRIAL

56. Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby request a trial by jury on all counts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment and Order as follows and for the following relief:

A. declaring that Plaintiffs and their customers do not infringe, contributorily infringe, or induce infringement of a valid and enforceable claim of the Patents-in-Suit;

B. declaring that the claims of the Patents-in-Suit are invalid and/or unenforceable;

C. permanently enjoining BSG, its officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with them or with any of them, from asserting or otherwise seeking to enforce the Patents-in-Suit against Plaintiffs of Plaintiffs' customers; and

D. awarding Plaintiffs any further additional relief as the Court may deem just, proper, and equitable.

Dated: July 18, 2014

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

        /s/ *Edward A. Cavazos*

        Edward A. Cavazos (Texas Bar No. 00787223)
        Brian C. Nash (Texas Bar No. 24051103)
        Ben Bernell (Texas Bar No. 24059451)
        111 Congress Ave, Suite 2300
        Austin, Texas 78701
        Telephone: (512) 494-3633
        Facsimile (800) 404-3970
        Ed.Cavazos@bgllp.com
        Brian.Nash@bgllp.com
        Ben.Bernell@bgllp.com

        ***Attorneys for Plaintiffs Bazaarvoice, Inc., and PowerReviews, LLC***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(b) on July 18, 2014.  The foregoing will be served on Defendant by process server.

>/s/ *Edward A. Cavazos*
>Edward A. Cavazos